

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LORYNE JOYCE BOWEN,

        Plaintiff,

v.

NEW CENTURY MORTGAGE CORP., *et al.*,

        Defendants.

Civil Action No. 09-2277

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's "Application for Ex Parte Temporary Restraining Order and Equitable Relief, Preliminary Injunction and Show Cause Hearing and Order for Temporary Restraining Order." The motion will be denied without prejudice.

It appears that defendants have effected the non-judicial foreclosure of plaintiff's property in the District of Columbia, and that plaintiff challenges their standing to do so on two grounds: that the defendants are not the holders of the underlying promissory note, and that defendant New Century Mortgage Corporation is not registered to conduct business in the District of Columbia. It further appears that defendants are taking steps to remove plaintiff from the property.

Plaintiff seeks an Order directing defendants "to cease and desist all collection and eviction actions and any other actions that will have a negative effect on the Plaintiff." Pl.'s Mot. at 2. She describes herself as "an older unwedded woman," and explains that "the property in question is her only home." *Id.* at 5. If injunctive relief is not granted, plaintiff argues that she

"will suffer immediate, continuous and irreparable harm," as she has "nowhere to go and would not know what to do." *Id.*

Injunctive relief is an extraordinary remedy, and plaintiff bear a substantial burden to obtain it. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Injunctive relief of this nature is warranted "only when the movant demonstrates: (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." *In re Navy Chaplaincy*, 516 F. Supp. 2d 119, 122 (D.D.C. 2007) (quoting *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D. C.Cir. 1998) (citation omitted)), *aff'd*, 534 F.3d 756 (D.C. Cir. 2008). Plaintiff fails to meet this standard.

The Court is not unsympathetic to plaintiff's predicament. However, she does not show that irreparable injury is imminent. The foreclosure already has taken place, and it is unclear that her removal from the property is an immediate threat. Moreover, plaintiff neither shows that she stands to suffer immediate injury before the defendants can be heard in opposition to her motion for injunctive relief, nor sets forth reasons why notice to the defendants should not be required.

Accordingly, the Court will deny plaintiff's motion for injunctive relief without prejudice to reconsideration at a later date. An Order accompanies this Memorandum Opinion.

DATE: December 3, 2009

_____
United States District Judge