# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Loryne Joyce Bowen,<br><br>Plaintiff,<br><br>v.<br><br>New Century Mortgage Corporation *et al.*,<br><br>Defendants. | Civil Action No. 09-2277 (JDB) |

## MEMORANDUM OPINION

In this civil action filed *pro se*, plaintiff sues various participants in foreclosure proceedings involving her property located on Perry Street in the northeast quadrant of the District of Columbia. Plaintiff purports to sue under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et. seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et. seq.*. She also asserts common law claims of fraud, "wrongful foreclosure," "slander of title," and civil conspiracy. *See* Compl. Caption.

Pending before the Court are the motion of L. Darren Goldberg, James E. Clarke, Renee Dyson and Draper & Goldberg, PLLC (hereafter "Trustees") to dismiss [Dkt. No. 10], and the motion of New Century Mortgage Corporation, Carrington Mortgage Services, LLC, The Fisher Law Group, PLLC, Jeffrey B. Fisher, Scott R. Robinson, Blumenthal and Cordone, Edward J. Cordone and Carol S. Blumenthal (hereafter "New Century") to dismiss [Dkt. No. 13]. Upon consideration of the complaint, the motions to dismiss, and plaintiff's opposition, the Court will

dismiss the federal claims as untimely filed, and will decline to exercise supplemental jurisdiction over the remaining common law claims.[1] Hence, the case will be dismissed in its entirety.[2]

## BACKGROUND

The relevant facts are as follows. Plaintiff executed a note for $340,000 with New Century Mortgage Corporation on August 5, 2006, at an adjustable interest rate. Compl. at 5. New Century allegedly sold the note "on the open market," "overcharged Plaintiff at refinancing" and eventually made "an arm's length transfer to Trustees . . . to facilitate the foreclosure on its behalf." *Id*. New Century claims that the note was "secured by a refinance Deed of Trust, also dated August 5, 2006, and recorded with the Recorded [sic] of Deeds for the District of Columbia[.]" Def.'s Memorandum in Support of the Motion to Dismiss Complaint [13-1] at 1. After plaintiff defaulted on the loan, New Century purchased the property at a foreclosure sale on August 19, 2008, and subsequently initiated eviction proceedings against plaintiff in the Superior Court of the District of Columbia.[3] *Id*. at 2, 3. The Superior Court issued an order on December 8, 2009, granting the eviction; post-judgment motions are pending. *Id*. at 3. Meanwhile, plaintiff filed this action on December 1, 2009.

---

[1] *See* 28 U.S.C. § 1367(c) (permitting district courts to decline to exercise supplemental jurisdiction when "all claims over which [the court] has original jurisdiction" have been dismissed).

[2] Also pending is plaintiff's motion to amend the complaint, which the Trustees have opposed on the ground of futility. Because the proffered amended complaint is not materially different from the original complaint, allowing its filing only to dismiss it would be a futile exercise. The Court therefore will deny plaintiff's motion to amend the complaint.

[3] Defendant Trustees "were appointed as substitute trustees to conduct the foreclosure sale." Trustees' Memorandum of Points and Authorities in Support of Motion to Dismiss at 1 & Ex. 1.

## DISCUSSION

Defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The District of Columbia Circuit has held that the RESPA's "time limitation is a jurisdictional prerequisite to suit and as such not subject to equitable tolling." *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1038 (D.C. Cir. 1986); *see id*. at 1039 (recognizing same for the TILA). Subsequent Supreme Court guidance may indicate otherwise. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510 (2006) (clarifying "that time prescriptions, however emphatic, are not properly typed jurisdictional") (quoting *Scarborough v. Principi*, 541 U.S. 401, 414 (2004)) (internal quotation marks and other citations omitted). In any event, "[a]ffirmative actions under TILA, are generally required to be brought within one year of the violation . . . and actions for rescission must be brought within three days after consummation of the transaction, or in the event the relevant disclosures were never made, within three years after consummation." *In re* Dawson, 411 B.R. 1, 19-20 (Bankr. D.D.C. Apr. 9, 2008) (citing 15 U.S.C. §§ 1635(a),(f), 1640(e)). A cause of action accrues "no later than the settlement date." *Id*. at 20 (citation omitted). Likewise, a RESPA claim must be brought within one or three years of the settlement date, depending on the claimed violation. *See* 12 U.S.C. § 2614; *Hardin*, 797 F.2d at 1039 ("Section 2614 is identical in all material respects to 15 U.S.C. § 1640(e), the time limitation applicable to [the TILA.]"); accord *Winstead v. EMC Mortgage Corp.*, 621 F. Supp. 2d 1, 3-4 (D.D.C. 2009) (denying motion for emergency relief to prevent property foreclosure).

Plaintiff's filing of this action nearly four months beyond the most generous expiration date of August 5, 2009 -- three years after settlement -- bars her from proceeding on the federal statutory claims. No basis for considering equitable tolling has even been offered, and there is no

reason for this Court to exercise supplemental jurisdiction over state claims under 28 U.S.C. § 1367 at this early stage of the case once the federal claims have been dismissed. Hence, the Court will grant defendants' motions to dismiss and will dismiss the case in its entirety. A separate final order accompanies this Memorandum Opinion.

                                                     /s/
                                   JOHN D. BATES
                               United States District Judge

Dated: March 22, 2010